1  VINCENT J. BELUSKO (SBN 100282)
   VBelusko@mofo.com
2  RYAN J. MALLOY (SBN 253512)
   RMalloy@mofo.com
3  MORRISON & FOERSTER LLP
   707 Wilshire Blvd., Ste. 6000
4  Los Angeles, California  90017-3543
   Telephone:  213.892.5200
5  Facsimile:   213.892.5454

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | PARAMOUNT PICTURES                | Case No.  2:14-CV-04624
   | CORPORATION, PARAMOUNT            |
12 | HOME ENTERTAINMENT INC., and      | **COMPLAINT FOR**
   | PARAMOUNT HOME                    | **DECLARATORY JUDGMENT**
13 | ENTERTAINMENT DISTRIBUTION        | **OF NON-LIABILITY FOR**
   | INC.,                             | **PATENT INFRINGEMENT**
14 |                                   |
   |                    Plaintiffs,    | **Jury Trial Demanded**
15 |                                   |
   | v.                                |
16 |                                   |
   | NISSIM CORP.,                     |
17 |                                   |
   |                    Defendant.     |
18

19

20

21

22

23

24

25

26

27

28

1   Plaintiffs Paramount Pictures Corporation, Paramount Home Entertainment

2 Inc., and Paramount Home Entertainment Distribution Inc. (collectively,

3 "Paramount"), by and through their undersigned counsel, hereby bring this

4 Complaint for Declaratory Judgment against Nissim Corp. ("Nissim") and allege as

5 follows:

6           **NATURE OF THE ACTION**

7   1.  Nissim contends that it is the owner of United States Patent Nos.

8 7,054,547 (the '547 patent), 6,463,207 (the '207 patent), 6,304,715

9 (the '715 patent), 6,208,805 (the '805 patent), 6,151,444 (the '444 patent),

10 6,002,833 (the '833 patent), 5,987,211 (the '211 patent), 5,913,013

11 (the '013 patent), 5,724,472 (the '472 patent), 5,589,945 (the '945 patent), and

12 5,434,678 (the '678 patent) (collectively, the "Patents-in-Suit").

13   2.  On November 6, 2013, Nissim sent Paramount a letter alleging that

14 Paramount video discs infringe the Patents-in-Suit and threatening litigation against

15 Paramount if Paramount did not agree to a royalty-bearing license to the Patents-in-

16 Suit.   A true and correct copy of that letter is attached as Exhibit 1.

17   3.  Nissim's infringement allegations are meritless.  Paramount has not

18 infringed any claims of the Patents-in-Suit.  Moreover, the claims of the Patents-in-

19 Suit are invalid.

20   4.  Regardless, even assuming *arguendo* that Nissim's infringement

21 allegations did have merit, Nissim still would not be entitled to any relief for any

22 alleged infringement.  Nissim is precluded at least by 35 U.S.C. § 287 and by the

23 doctrine of laches from obtaining any relief for any alleged infringement of the

24 Patents-in-Suit by Paramount.  Nissim's claims for relief against Paramount are

25 further barred by licenses that Nissim has granted to companies that encode and sell

26 video discs containing Paramount video content.  Nissim's claims for relief against

27 Paramount are further barred by patent exhaustion and implied license due to

28 licenses that Nissim granted to companies that make and sell video disc players.

5.    Paramount seeks declaratory judgment that Nissim is not entitled to any relief from Paramount for any alleged infringement of the Patents-in-Suit.

## PARTIES

6.    Paramount Pictures Corporation is a Delaware corporation with its principal place of business at 5555 Melrose Avenue, Los Angeles, CA, 90038.

7.    Paramount Home Entertainment Inc. is a Delaware corporation with its principal place of business at 5555 Melrose Avenue, Los Angeles, CA, 90038.

8.    Paramount Home Entertainment Distribution Inc. is a Delaware corporation with its principal place of business at 5555 Melrose Avenue, Los Angeles, CA, 90038.

9.    Upon information and belief, Nissim is a Florida corporation.  Upon information and belief, Nissim's principal place of business is 18457 Long Lake Drive, Boca Raton, Florida, 33496.

## JURISDICTION AND VENUE

10.    Paramount incorporates by reference as if fully stated herein and realleges the allegations in paragraph 2 of this Complaint.  In its November 6, 2013, letter and in subsequent conversations, Nissim has asserted to Paramount that Nissim owns and has the right to enforce each of the Patents-in-Suit.  Nissim has further accused Paramount of infringing each of the Patents-in-Suit.  Based on Nissim's accusations, Paramount has a reasonable apprehension that Nissim may sue Paramount for alleged patent infringement.  An actual and justiciable controversy exists between the parties concerning Paramount's liability or non-liability for alleged infringement of the Patents-in-Suit.

11.    This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, against Nissim for a declaration that pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 et seq., Paramount has not infringed the Patents-in-Suit, the disputed claims of the Patents-in-Suit are invalid, and Nissim is not entitled to any relief from Paramount for any alleged

2

1   infringement of the Patents-in-Suit.  Jurisdiction is conferred on this Court by 28
2   U.S.C. §§ 1331 and 1338(a).

3       12.   This Court has personal jurisdiction over Nissim by virtue of Nissim's
4   extensive contacts with the State of California and with this District more
5   particularly.  Nissim's minimum contacts with the State of California and this
6   District include at least the following:  (1) prosecuting causes of action for alleged
7   infringement of the Patents-in-Suit in this District from February 2008 to May
8   2013; (2) sending a letter to Paramount in this District on November 6, 2013,
9   seeking to license the Patents-in-Suit to Paramount and threatening to sue
10  Paramount for patent infringement; (3) sending letters to other companies based in
11  the State of California and this District seeking to license the Patents-in-Suit and
12  threatening litigation against those companies; (4) filing patent-infringement
13  lawsuits against companies whose principal place of business is in the State of
14  California and this District, including Warner Bros. Entertainment Inc. and Warner
15  Home Video Inc., for acts of alleged infringement that took place in this District;
16  (5) licensing the Patents-in-Suit to companies whose principal place of business is
17  in the State of California and this District; and (6) commercializing technologies
18  that allegedly exploit various aspects of the Patents-in-Suit through its subsidiary
19  CustomPlay, LLC, which markets and distributes those technologies in the State of
20  California and this District.

21      13.   Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).
22  Nissim is a corporation that is subject to personal jurisdiction in this District.  A
23  substantial part of the events giving rise to Nissim's patent-infringement allegations
24  occurred in this District.

25                          **BACKGROUND FACTS**

26      14.   The facts in this section establish that Nissim cannot recover any
27  damages for any alleged infringement of any of the Patents-in-Suit.

28

3

15.     Videos can be stored on DVDs and Blu-ray discs (collectively, "Video Discs").  DVD players and Blu-ray disc players (collectively, "Disc Players") can be used to view the video content on Video Discs.

16.     The date on which the '945 Patent expired is no later than December 31, 2013.   Acts that occurred after December 31, 2013, do not constitute infringement of the '945 Patent.

17.     Paramount uses the term "Non-945 Patents-in-Suit" herein to mean the Patents-in-Suit other than the '945 Patent.  The Non-945 Patents-in-Suit consist of the '547 patent, the '207 patent, the '715 patent, the '805 patent, the '444 patent, the '833 patent, the '211 patent, the '013 patent, the '472 patent, and the '678 patent.

18.     Paramount uses the term "Expiration Date" herein to mean the expiration date of the last of the Non-945 Patents-in-Suit to expire.  Acts that occurred after the Expiration Date do not constitute infringement of any of the Non-945 Patents-in-Suit.

19.     The Expiration Date is January 11, 2013.

20.     For at least the reasons set forth below, Nissim cannot recover any damages from Paramount for any alleged infringement of the Patents-in-Suit that occurred prior to the filing of this Complaint.

21.     On information and belief, prior to the Expiration Date, Nissim did not express to Paramount its allegation that Paramount infringed any of the Patents-in-Suit.  More specifically, prior to the Expiration Date, Nissim did not express to Paramount its allegation that Paramount infringed the '547 patent.  Prior to the Expiration Date, Nissim did not express to Paramount its allegation that Paramount infringed the '207 patent.  Prior to the Expiration Date, Nissim did not express to Paramount its allegation that Paramount infringed the '715 patent.  Prior to the Expiration Date, Nissim did not express to Paramount its allegation that Paramount infringed the '805 patent.  Prior to the Expiration Date, Nissim did not express to

Paramount its allegation that Paramount infringed the '444 patent.  Prior to the Expiration Date, Nissim did not express to Paramount its allegation that Paramount infringed the '833 patent.  Prior to the Expiration Date, Nissim did not express to Paramount its allegation that Paramount infringed the '211 patent.   Prior to the Expiration Date, Nissim did not express to Paramount its allegation that Paramount infringed the '013 patent.  Prior to the Expiration Date, Nissim did not express to Paramount its allegation that Paramount infringed the '472 patent.  Prior to the Expiration Date, Nissim did not express to Paramount its allegation that Paramount infringed the '678 patent.  Prior to November 6, 2013, Nissim did not express to Paramount its allegation that Paramount infringed the '945 patent.

22.    On information and belief, prior to the Expiration Date, Nissim did not express to Paramount the identity of any Paramount product that allegedly infringed any Nissim patent.

*Additional Facts Regarding Laches*

23.    Under the doctrine of laches, Nissim cannot recover any damages for any alleged use by Paramount of the alleged inventions claimed in the Patents-in-Suit.

24.    On information and belief, the first time that Nissim notified Paramount about Paramount's alleged infringement of the Patents-in-Suit was on November 6, 2013.  On November 6, 2013, Nissim sent Paramount a letter alleging that Paramount video discs with Seamless Play and User Operation Control functionalities infringed each of the Patents-in-Suit.  Nissim stated:  "The Nissim Patents principally cover features of the DVD Specifications known as User Operation Control and Seamless Play.  Virtually all DVD-Video discs contain User Operation Control capabilities, and many contain Seamless Play capabilities."  In the letter, Nissim threatens to file a patent-infringement lawsuit against Paramount if Paramount does not pay a royalty to Nissim.

5

25.     The first of the Patents-in-Suit to issue (the '678 patent) issued on July 18, 1995.  Upon information and belief, Nissim contends that the '678 patent covers "Seamless Play" functionality.  Paramount has sold Video Discs having what Nissim alleges to be Seamless Play functionality since at least June 2000.  Nonetheless, Nissim made no efforts over more than 13 years between June 2000 and November 2013 to stop Paramount's alleged infringement of the '678 patent.

26.     The '715 patent issued on October 16, 2001.  Upon information and belief, Nissim contends that the '715 patent covers "User Operation Control" functionality.  Paramount has sold Video Discs having what Nissim alleges to be User Operation Control functionality since at least October 1998.  Nonetheless, Nissim made no efforts over more than 15 years between October 2001 and November 2013 to stop Paramount's alleged infringement of the '715 patent.

27.     The last of the Patents-in-Suit to issue (the '547 patent) issued on May 30, 2006.  Upon information and belief, Nissim was aware at least as early as May 2008, and likely much earlier, that Paramount sold Video Discs.  Upon information and belief, Nissim was further aware at least as early as May 2008 that Paramount sold Video Discs that Nissim alleges have Seamless Play and User Operation Control functionalities.  Upon information and belief, Nissim was aware of Paramount's purported infringement of all of the Patents-in-Suit at least as early as May 2008.  Nissim could have discovered at least as early as 2000 that Paramount's Video Discs included those alleged functionalities by playing Paramount's Video Discs in a Disc Player.  Discovering that fact would have required only reasonable efforts on Nissim's part.

28.     Rather than undertaking any efforts to stop Paramount's alleged infringement of the Patents-in-Suit over the more-than-15-year period from October 1998 to November 2013, Nissim instead chose to send Paramount a license-demand letter after all the Non-945 Patents-in-Suit had expired and just one month before the expiration date of the '945 patent.

6

29.     Nissim unreasonably and inexcusably delayed filing a lawsuit for Paramount's alleged infringement of the Patents-in-Suit.  Nissim's unreasonable delay in filing a lawsuit was prejudicial and injurious to Paramount.  For example, Nissim's delay discouraged Paramount from pursuing alternatives to its allegedly infringing activities.  As another example, witnesses' memories have faded and documentary evidence has been lost due to Nissim's delay in filing a lawsuit.  It would be inequitable to permit Nissim to bring a cause of action against Paramount for infringement of the Patents-in-Suit.

*Additional Facts Regarding Nissim's Failure to Comply with 35 U.S.C. § 287*

30.     Nissim is not entitled to any damages for any use by Paramount of the alleged inventions claimed in the Non-945 Patents-in-Suit that occurred prior to the Expiration Date because Nissim failed to comply with the provisions of Section 287 of the Patent Act (i.e., 35 U.S.C. § 287).  Nissim's failure to comply with the provisions of Section 287 of the Patent Act further bars Nissim from recovering any damages for alleged infringement of the '945 Patent that occurred prior to November 6, 2013.

31.     If a patentee or its licensees sell in the United States articles that practice a patent, Section 287 of the Patent Act requires that the patentee give an accused infringer actual or constructive notice that it infringes that patent to be eligible to recover damages for that infringement.

32.     Actual notice of infringement under Section 287 of the Patent Act requires that the patentee express its allegation of infringement to the accused infringer.  In particular, actual notice of infringement under Section 287 of the Patent Act requires that the patentee express to the accused infringer the identities of the patents allegedly infringed and the products accused of infringing that patent.

33.     Nissim did not provide Paramount with actual notice of infringement of the Non-945 Patents-in-Suit under Section 287 of the Patent Act prior to the Expiration Date.  Nissim did not provide Paramount with actual notice of

7

1  infringement of the '945 Patent under Section 287 of the Patent Act prior to

2  November 6, 2013.  These assertions are established by the facts set forth above in

3  this Complaint.

4      34.    Constructive notice under Section 287 of the Patent Act requires that a

5  patentee make reasonable efforts to ensure that licensees mark patented products

6  with the patents that those products practice.

7      35.    Nissim did not provide Paramount with constructive notice of

8  infringement of any of the Patents-in-Suit under Section 287 of the Patent Act prior

9  to the Expiration Date.  This is established by the facts set forth below.

10     36.    Nissim has entered into agreements in which Nissim granted at least

11 some rights to use the alleged inventions claimed in the Patents-in-Suit to entities

12 other than Nissim.  Paramount uses the term "Nissim License" herein to refer to any

13 such agreement and the term "Nissim Licensee" to refer to any entity that was

14 granted rights under any such agreement.

15     37.    Nissim contends that the unlicensed sale in the United States of at least

16 some Video Discs before the expiration of the Patents-in-Suit infringed one or more

17 claims of the Patents-in-Suit.  Hereinafter, Paramount uses the term "Patented

18 Video Discs" to refer to any and all Video Discs that Nissim contends satisfy the

19 limitations of one or more claims of the Patents-in-Suit.

20     38.    Upon information and belief, for each Patent-in-Suit, Nissim contends

21 that all unlicensed sales in the United States of Video Discs with User Operation

22 Control capability that occurred after that Patent-in-Suit issued and before that

23 Patent-in-Suit expired infringed that Patent-in-Suit.  Upon information and belief,

24 for each Patent-in-Suit, Nissim contends that all unlicensed sales in the United

25 States of Video Discs with Seamless Play capability that occurred after that Patent-

26 in-Suit issued and before that Patent-in-Suit expired infringed that Patent-in-Suit.

27     39.    At least some Nissim Licenses give Nissim Licensees rights to sell

28 Patented Video Discs in the United States prior to the Expiration Date.

40.     At least some Nissim Licenses that give Nissim Licensees rights to sell Patented Video Discs in the United States prior to the Expiration Date lack any provision requiring those licensees to mark Patented Video Discs with any of the Patents-in-Suit.

41.     For example, Nissim entered into a license agreement with Sony Corporation ("Sony") in 2000 ("Sony License").  The Sony License gives Sony rights to sell Patented Video Discs in the United States.  The Sony License contains no provision requiring Sony to mark any Patented Video Discs with any of the Patents-in-Suit.

42.     Upon information and belief, at least some Nissim Licensees, after entering into a Nissim License but prior to the Expiration Date, sold at least some Patented Video Discs in the United States that were not marked with any of the Patents-in-Suit.  Upon further information and belief, at least some of those same Nissim Licensees, after being granted a Nissim License but prior to the Expiration Date, sold unmarked Patented Video Discs in the United States in packaging that was not marked with any of the Patents-in-Suit.  At least some of those sales of unmarked Patented Video Discs in unmarked packaging occurred more than six years prior to the filing of this Complaint.

43.     For example, after entering into the Sony License but prior to the Expiration Date, Sony sold at least some Patented Video Discs in the United States that were not marked with any of the Patents-in-Suit.  Furthermore, after entering into the Sony License but prior to the Expiration Date, Sony sold unmarked Patented Video Discs in the United States in packaging that was not marked with any of the Patents-in-Suit.  Furthermore, at least some of Sony's sales of unmarked Video Discs in unmarked packaging occurred more than six years prior to the filing of this Complaint.

44.     After entering into the Sony License but prior to the Expiration Date, Sony sold in the United States at least some Patented Video Discs having User

Operation Control capability that were not marked with any of the Patents-in-Suit. Furthermore, after entering into the Sony License but prior to the Expiration Date, Sony sold at least some unmarked Patented Video Discs with User Operation Control capability in the United States in packaging that was not marked with any of the Patents-in-Suit. Furthermore, at least some of Sony's sales of unmarked Video Discs with User Operation Control capability in unmarked packaging occurred more than six years prior to the filing of this Complaint.

45. After entering into the Sony License but prior to the Expiration Date, Sony sold in the United States at least some Patented Video Discs having Seamless Play capability that were not marked with any of the Patents-in-Suit. Furthermore, after entering into the Sony License but prior to the Expiration Date, Sony sold at least some unmarked Patented Video Discs with Seamless Play capability in the United States in packaging that was not marked with any of the Patents-in-Suit. Furthermore, at least some of Sony's sales of unmarked Video Discs with Seamless Play capability in unmarked packaging occurred more than six years prior to the filing of this Complaint.

46. Upon information and belief, no Nissim Licensee has ever marked a Patented Video Disc or its packaging with any of the Patents-in-Suit.

47. Nissim further contends that the unlicensed sale in the United States of at least some Disc Players prior to the Expiration Date infringed the Patents-in-Suit. Hereinafter, Paramount uses the term "Patented Disc Players" to refer to any and all Disc Players that Nissim contends satisfy one or more claims of the Patents-in-Suit.

48. Upon information and belief, for each Patent-in-Suit, Nissim contends that all unlicensed sales in the United States of Disc Players with User Operation Control capability that occurred after that Patent-in-Suit issued and before that Patent-in-Suit expired infringed that Patent-in-Suit. Upon information and belief, for each Patent-in-Suit, Nissim contends that all unlicensed sales in the United

States of Disc Players with Seamless Play capability that occurred after that Patent-in-Suit issued and before that Patent-in-Suit expired infringed that Patent-in-Suit.

49.     At least some Nissim Licenses give Nissim Licensees rights to sell Patented Disc Players in the United States prior to the Expiration Date.

50.     Upon information and belief, at least some Nissim Licenses that give Nissim Licensees rights to sell Patented Disc Players in the United States prior to the Expiration Date lack any provision requiring those licensees to mark Patented Disc Players with any of the Patents-in-Suit.

51.     At least some Nissim Licensees, after being granted a Nissim License but before the expiration of the Patents-in-Suit, sold Patented Disc Players in the United States that were not marked with any of the Patents-in-Suit.  Those Nissim Licensees include at least Sony, Oppo, and Panasonic.  Furthermore, upon information and belief, at least some Nissim Licensees, after being granted a Nissim License but before the expiration of the Patents-in-Suit, sold unmarked Patented Disc Players in the United States in packaging that was not marked with any of the Patents-in-Suit.  Furthermore, at least some of those sales of unmarked Patented Disc Players in unmarked packaging occurred more than six years prior to the filing of this Complaint.

52.     Nissim did not make reasonable efforts to ensure that Nissim Licensees marked Patented Video Discs with the Patents-in-Suit prior to the expiration of the Patents-in-Suit.

53.     Nissim did not make reasonable efforts to ensure that Nissim Licensees marked Patented Disc Players with the Patents-in-Suit prior to the expiration of the Patents-in-Suit.

54.     To recover any damages for any infringement of the Non-945 Patents-in-Suit, Nissim bears the burden of proving compliance with 35 U.S.C. § 287.  For at least the reasons set forth above, Nissim cannot prove such compliance.

55. To recover any damages for any infringement of the '945 patent that occurred prior to November 6, 2013, Nissim bears the burden of proving compliance with 35 U.S.C. § 287. For at least the reasons set forth above, Nissim cannot prove such compliance.

*Additional Facts Regarding License and Patent Exhaustion*

56. At least one Nissim Licensee with a license to all of the Patents-in-Suit encoded and sold Patented Video Discs containing Paramount video content. That license bars Nissim from recovering any damages for those Patented Video Discs.

57. Nissim is further barred under the doctrines of patent exhaustion and implied license from recovering damages for Paramount's alleged infringement of the Patents-in-Suit.

58. Some Nissim Licenses authorize some Nissim Licensees to sell Patented Disc Players to consumers in the United States. Some Nissim Licensees made authorized sales of Patented Disc Players to consumers in the United States prior to the Expiration Date. Upon information and belief, most sales of Patented Disc Players in the United States after May 2008 were authorized by Nissim.

59. Patented Disc Players are adapted and designed to play Patented Video Discs. Seamless Play and User Operation Control functionalities on Patented Disc Players have no use except when those Patented Disc Players are used to play Patented Video Discs.

60. Patented Video Discs are adapted and designed to be played on Patented Disc Players. Seamless Play and User Operation Control functionalities on Patented Video Discs have no use except when those Patented Video Discs are played on Patented Disc Players.

61. Under the doctrine of patent exhaustion, consumers with Nissim-licensed Patented Disc Players have a right to play Patented Video Discs on those Patented Disc Players. Furthermore, under the doctrine of patent exhaustion,

1  Paramount has a right to sell Patented Video Discs to consumers with Nissim-

2  licensed Patented Disc Players.

3       62.     Under the doctrine of implied license, consumers with Nissim-licensed

4  Patented Disc Players have a right to play Patented Video Discs on those Patented

5  Disc Players.  Furthermore, under the doctrine of implied license, Paramount has a

6  right to sell Patented Video Discs to consumers with Nissim-licensed Patented Disc

7  Players.

8       63.     Permitting Nissim to recover damages for Patented Video Discs used

9  with Nissim-licensed Patented Disc Players would result in an impermissible

10  double recovery to Nissim.

11                       **COUNT 1**

12                **(U.S. Patent No. 7,054,547)**

13       64.     Paramount incorporates by reference as if fully stated herein and

14  realleges the allegations in paragraphs 1–63 of this Complaint.

15       65.     As a result of Nissim's allegations against Paramount, an actual

16  controversy exists as to Paramount's liability for alleged infringement of

17  the '547 patent.  A true and correct copy of the '547 patent is attached as Exhibit 2.

18       66.     Paramount is not infringing and has not infringed, either directly or

19  indirectly, the '547 patent.

20       67.     The disputed claims of the '547 patent are invalid for failure to meet

21  one or more requirements of Title 35 of the United States Code, including but not

22  limited to §§ 101, 102, 103, and 112.

23       68.     Nissim is not entitled to any relief for any alleged infringement by

24  Paramount of the '547 patent.

25                       **COUNT 2**

26                **(U.S. Patent No. 6,463,207)**

27       69.     Paramount incorporates by reference as if fully stated herein and

28  realleges the allegations in paragraphs 1–63 of this Complaint.

70. As a result of Nissim's allegations against Paramount, an actual controversy exists as to Paramount's liability for alleged infringement of the '207 patent. A true and correct copy of the '207 patent is attached as Exhibit 3.

71. Paramount is not infringing and has not infringed, either directly or indirectly, the '207 patent.

72. The disputed claims of the '207 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

73. Nissim is not entitled to any relief for any alleged infringement by Paramount of the '207 patent.

**COUNT 3**

**(U.S. Patent No. 6,304,715)**

74. Paramount incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

75. As a result of Nissim's allegations against Paramount, an actual controversy exists as to Paramount's liability for alleged infringement of the '715 patent. A true and correct copy of the '715 patent is attached as Exhibit 4.

76. Paramount is not infringing and has not infringed, either directly or indirectly, the '715 patent.

77. The disputed claims of the '715 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

78. Nissim is not entitled to any relief for any alleged infringement by Paramount of the '715 patent.

**COUNT 4**

**(U.S. Patent No. 6,208,805)**

79. Paramount incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

14

1    80.    As a result of Nissim's allegations against Paramount, an actual

2  controversy exists as to Paramount's liability for alleged infringement of

3  the '805 patent.  A true and correct copy of the '805 patent is attached as Exhibit 5.

4    81.    Paramount is not infringing and has not infringed, either directly or

5  indirectly, the '805 patent.

6    82.    The disputed claims of the '805 patent are invalid for failure to meet

7  one or more requirements of Title 35 of the United States Code, including but not

8  limited to §§ 101, 102, 103, and 112.

9    83.    Nissim is not entitled to any relief for any alleged infringement by

10  Paramount of the '805 patent.

11                          **COUNT 5**

12                    **(U.S. Patent No. 6,151,444)**

13    84.    Paramount incorporates by reference as if fully stated herein and

14  realleges the allegations in paragraphs 1–63 of this Complaint.

15    85.    As a result of Nissim's allegations against Paramount, an actual

16  controversy exists as to Paramount's liability for alleged infringement of

17  the '444 patent.  A true and correct copy of the '444 patent is attached as Exhibit 6.

18    86.    Paramount is not infringing and has not infringed, either directly or

19  indirectly, the '444 patent.

20    87.    The disputed claims of the '444 patent are invalid for failure to meet

21  one or more requirements of Title 35 of the United States Code, including but not

22  limited to §§ 101, 102, 103, and 112.

23    88.    Nissim is not entitled to any relief for any alleged infringement by

24  Paramount of the '444 patent.

25                          **COUNT 6**

26                    **(U.S. Patent No. 6,002,833)**

27    89.    Paramount incorporates by reference as if fully stated herein and

28  realleges the allegations in paragraphs 1–63 of this Complaint.

90.     As a result of Nissim's allegations against Paramount, an actual controversy exists as to Paramount's liability for alleged infringement of the '833 patent.  A true and correct copy of the '833 patent is attached as Exhibit 7.

91.     Paramount is not infringing and has not infringed, either directly or indirectly, the '833 patent.

92.     The disputed claims of the '833 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

93.     Nissim is not entitled to any relief for any alleged infringement by Paramount of the '833 patent.

## COUNT 7

### (U.S. Patent No. 5,987,211)

94.     Paramount incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

95.     As a result of Nissim's allegations against Paramount, an actual controversy exists as to Paramount's liability for alleged infringement of the '211 patent.  A true and correct copy of the '211 patent is attached as Exhibit 8.

96.     Paramount is not infringing and has not infringed, either directly or indirectly, the '211 patent.

97.     The disputed claims of the '211 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double patenting.

98.     Nissim is not entitled to any relief for any alleged infringement by Paramount of the '211 patent.

**COUNT 8**

**(U.S. Patent No. 5,913,013)**

99.   Paramount incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

100.   As a result of Nissim's allegations against Paramount, an actual controversy exists as to Paramount's liability for alleged infringement of the '013 patent.  A true and correct copy of the '013 patent is attached as Exhibit 9.

101.   Paramount is not infringing and has not infringed, either directly or indirectly, the '013 patent.

102.   The disputed claims of the '013 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double patenting.

103.   Nissim is not entitled to any relief for any alleged infringement by Paramount of the '013 patent.

**COUNT 9**

**(U.S. Patent No. 5,724,472)**

104.   Paramount incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

105.   As a result of Nissim's allegations against Paramount, an actual controversy exists as to Paramount's liability for alleged infringement of the '472 patent.  A true and correct copy of the '472 patent is attached as Exhibit 10.

106.   Paramount is not infringing and has not infringed, either directly or indirectly, the '472 patent.

107.   The disputed claims of the '472 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not

limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double patenting.

108.   Nissim is not entitled to any relief for any alleged infringement by Paramount of the '472 patent.

## COUNT 10

### (U.S. Patent No. 5,589,945)

109.   Paramount incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

110.   As a result of Nissim's allegations against Paramount, an actual controversy exists as to Paramount's liability for alleged infringement of the '945 patent.  A true and correct copy of the '945 patent is attached as Exhibit 11.

111.   Paramount is not infringing and has not infringed, either directly or indirectly, the '945 patent.

112.   The disputed claims of the '945 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double patenting.

113.   Nissim is not entitled to any relief for any alleged infringement by Paramount of the '945 patent.

## COUNT 11

### (U.S. Patent No. 5,434,678)

114.   Paramount incorporates by reference as if fully stated herein and realleges the allegations in paragraphs 1–63 of this Complaint.

115.   As a result of Nissim's allegations against Paramount, an actual controversy exists as to Paramount's liability for alleged infringement of the '678 patent.  A true and correct copy of the '678 patent is attached as Exhibit 12.

116.   Paramount is not infringing and has not infringed, either directly or indirectly, the '678 patent.

117.   The disputed claims of the '678 patent are invalid for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112, and the doctrine of obviousness-type double patenting.

118.   Nissim is not entitled to any relief for any alleged infringement by Paramount of the '678 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Paramount prays for judgment as follows:

A.   A declaration that Paramount has not infringed the Patents-in-Suit;

B.   A declaration that the disputed claims of the Patents-in-Suit are invalid;

C.   A declaration that Nissim is not entitled to any relief for any alleged infringement of the Patents-in-Suit by Paramount;

D.   A declaration that this case is exceptional under 35 U.S.C. § 285;

E.   An award of Paramount's costs and attorneys' fees; and

F.   Any other remedy to which Paramount may be entitled.

Dated:      June 16, 2014              By:  /s/  Vincent J. Belusko
                                       VINCENT J. BELUSKO
                                       RYAN MALLOY
                                       MORRISON & FOERSTER LLP
                                       Attorneys for Plaintiffs

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Paramount hereby demands a trial by jury on all issues raised by the Complaint.


Dated:        June 16, 2014                    By:  /s/  Vincent J. Belusko
                                               VINCENT J. BELUSKO
                                               RYAN MALLOY
                                               MORRISON & FOERSTER LLP
                                               Attorneys for Plaintiffs